# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: S.C. and C.C.**

**No. 13-1132** (Putnam County 11-JA-25 and 11-JA-26)

## MEMORANDUM DECISION

Petitioner Mother filed this appeal by her counsel, Shawn D. Bayliss. Her appeal arises from the Circuit Court of Putnam County, which terminated her parental rights to fourteen-year-old S.C. and twelve-year-old C.C., by order entered on October 7, 2013. The guardian ad litem for the children, Jeffrey C. Woods, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, Michael L. Jackson, also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred in denying her motion for a dispositional improvement period and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR's petition for abuse and neglect that initiated this case cited petitioner's extensive history with Child Protective Services ("CPS"), which dates back to 1996 and includes the removal of two older children from petitioner's care. The allegations of the instant petition asserted that through the children's excessive absences and truancy at school, the parents educationally neglected the subject children, for which they later pled guilty; that the parents engaged in domestic violence in the children's presence; that the home was unkempt; and that the children have disclosed instances of physical and sexual abuse against them by the parents. At adjudication, both parents stipulated to abusing their children through exposing them to their domestic violence and to neglecting them through their children's excessive absences and truancy at school. The circuit court also found that the home was unsanitary and uninhabitable.

Dispositional hearings were scheduled and continued due to the parents' granted request to receive further psychological evaluations. When the final dispositional hearing was held, both psychologists who evaluated the family testified, as well as the CPS case manager who worked with petitioner and the family. One of the psychologists testified that the parents' abuse and neglect of the children was very likely a contributor to S.C.'s anxiety, eating disorder, and lack of overall adaptive functioning. He also testified that the children's best interests would not be served through visitation or reunification with their parents. The other psychologist testified that after evaluating petitioner, he had significant concerns about reunification between petitioner and

1

her children because petitioner engaged in services in the past but has failed to maintain the improvements for the long term. The CPS worker testified that petitioner had prior services that arose from separate abuse and neglect petitions. These services spanned for a period of months at a time from 2005 until 2008 during completed improvement periods. The CPS worker further testified that although the parents may have obtained the skills taught in the provided services, they have not implemented them. Following the dispositional hearing, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. Petitioner appeals this termination of her parental rights.

This Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner raises two arguments on appeal. Petitioner first argues that the circuit court erred in denying her motion for a dispositional improvement period. Petitioner argues that she demonstrated that she would likely comply with the terms and conditions of an improvement period because she improved the cleanliness of her home. West Virginia Code § 49-6-12 directs that a parent who moves for an improvement period bears the burden of showing that he or she would substantially comply with it. We further observe under this statute that the circuit court has the discretion to grant or deny an improvement period. Petitioner's extensive CPS history, as discussed and testified to by witnesses at the dispositional hearing, support the circuit court's finding that "any change in circumstances is briefly fixed before [the parents] lose their motivation to continue to properly parent their children." The circuit court also found that one of petitioner's psychologists testified that she minimized the conditions of abuse and neglect and minimized the issue of domestic violence. Based on this evidence, we find no abuse of discretion by the circuit court in denying an improvement period.

Petitioner also argues that the circuit court erred in terminating her parental rights to S.C. and C.C. Petitioner asserts that the circuit court's findings in support of termination were in error and that the circuit court erred in selecting termination as the most drastic alternative under West Virginia Code § 49-6-5. We find no error in the circuit court's order of termination. "'Although

parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). West Virginia Code § 49-6-3(d)(3) provides that the DHHR is not required to make reasonable efforts to preserve the family if the parent has had his or her parental rights involuntarily terminated to other children. West Virginia Code § 49-6-5(b)(3) also explains that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in circumstances in which a parent fails to respond to rehabilitative efforts. Although petitioner cleaned the home by the dispositional hearing, no other long-term improvements were made evident. The record provides petitioner's extensive inconsistent history of complying with services before regressing to behaviors that would necessitate additional abuse and neglect proceedings. The testimony provided at the dispositional hearing was sufficient to support the circuit court's findings and conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 31, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II